UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY G. O'NEAL, individually, and on behalf of all others similarly situated;<br><br>                Plaintiffs,<br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>                Defendant. | Civil No. 06cv16-BEN (NLS)<br><br>**ORDER DENYING DEFENDANT NCO FINANCIAL SYSTEMS, INC.'S MOTION TO STAY DISCOVERY**<br><br>[Doc. No. 19] |

      On October 3, 2006, Defendant NCO Financial Systems, Inc. filed a Motion to Strike the class allegations contained in Plaintiff Timothy G. O'Neal's Second Amended Complaint [Doc. No. 20], and a Motion to Stay Discovery pending the District Court's ruling on the motion to strike [Doc. No. 19]. Both motions were set for hearing before District Judge Benitez on November 6, 2006. On October 17, 2006, Judge Benitez referred the Motion to Stay Discovery to the undersigned Magistrate Judge [Doc. No. 21]. For the reasons outlined below, the Court **DENIES** Defendant's motion to stay discovery.

**BACKGROUND**

      Plaintiff Timothy G. O'Neal ("Plaintiff") has filed a Second Amended Complaint [Doc. No. 13] in which he alleges that Defendant NCO Financial Systems, Inc. ("Defendant") violated both federal and California state fair debt collection laws. (*Complaint* ¶ 4.) This action arises out of events occurring on or about January 15, 2005, when Plaintiff received a written notice from Defendant, a third-party debt collector, requesting that Plaintiff pay a debt for which collection had been assigned to Defendant by Plaintiff's creditor. (*Id.* ¶ 13.) Plaintiff claims that this written communication from

Defendant did not contain the consumer rights notice required by California's fair debt collection act, Cal. Civ. Code § 1812.700(a), and in violation of California's Business and Professions Code, section 17200 *et seq*. (*Id*. ¶ 13, 17-18.) Plaintiff's Second Amended Complaint also contains class action allegations. (*Id*. ¶¶ 22-33.) Plaintiff claims to be a member of a purported class of individuals with addresses within the state of California who received a similarly deficient written communication from Defendant in the time period since July 1, 2004. (*Id*. ¶ 22.)

On October 3, 2006, Defendant filed a motion to strike Plaintiff's class allegations from his Second Amended Complaint. Concurrent with the motion to strike, Defendant filed a Motion to Stay Discovery in this case while awaiting a ruling by the District Court on the motion to strike. Defendant argues that discovery should be stayed pending Judge Benitez's ruling because no discovery is needed by Plaintiff in order to respond to Defendant's motion to strike and to avoid engaging in further "extensive, irrelevant, and expensive discovery." (*Memorandum of Points and Authorities in Support of Defendant's Motion to Stay Discovery ("Defendant's Memorandum")*, 3.) Plaintiff filed the following statement in opposition to Defendant's motion to stay discovery:

> "Plaintiff opposes any stay of discovery in this action. However, because it appears that Defendant's Motion to Stay Discovery is requested only until such time that the Court hears and decides this motion scheduled for November 3, 2006 [sic], Plaintiff will not oppose this motion as it will be moot by the time it is heard. Defendant has made it clear they will not be attending the depositions on November 1 and 2, 2006 in the Philadelphia area."

(*Plaintiff's Opposition to Defendant's Motion to Stay Discovery*, 1.) Defendant filed a reply, stating that:

> "Although the 'opposition' is unclear, plaintiff either conceded the stay pending the outcome of the Motion to Strike or failed to cite any authority supporting a denial of the stay. For those reasons, defendant respectfully requests the Court grant the motion to stay discovery."

(*Defendant's Reply in Support of Motion to Stay Discovery*, 1.)

## ANALYSIS

Motions to stay discovery may be granted upon a showing of good cause by the moving party or where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed.R.Civ.P. 26(c)(4); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 285-86. (S.D.Cal. 2000). A court has broad discretion to stay discovery pending decision on a potentially dispositive motion. *See Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir.

1976). Generally, however, such motions are disfavored because discovery stays may interfere with judicial efficiency and cause unnecessary litigation in the future. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D.Fla. 1997). Therefore, before a stay can be issued, the moving party must meet the "heavy burden of making a 'strong showing' why discovery should be denied . . . [by showing] a particular or specific need for the stay, as opposed to making stereotyped or conclusory statements." *Skellerup v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D.Cal. 1995). The harm of staying discovery, for any period of time, should be balanced against the benefits of allowing it to proceed. *GTE*, 192 F.R.D. at 289. A request to stay all discovery pending resolution of a contemporaneously filed motion is rarely appropriate where resolution of the motion will not dispose of the entire case. *Lugo v. Alvarado*, 819 F.2d 5 (1st Cir. 1987). Finally, in a purported class action, it is important to note that discovery relating to the threshold issue of class certification may be closely enmeshed with discovery relating to the merits of the case. *See Manual for Complex Litigation* 2d § 30.12 (1985).

Here, Defendant asserts a stay of class action discovery is warranted because Plaintiff has had fifteen months to discover the identity of potential class members, yet in all that time he has found only two out of 117,000 Californians who received defective debt collection letters similar to his. If the class action allegations are stricken from the complaint, Defendant contends that most of the outstanding discovery Plaintiff seeks, including the depositions noticed for November, 2006 in Philadelphia would become moot. (*Defendant's Memorandum*, 3.) For reasons that are not apparent to the court, Plaintiff does not oppose a stay of discovery. (*Plaintiff's Opposition to Defendant's Motion to Stay Discovery*, 1.) However, Plaintiff says there is still critical discovery outstanding relative to class certification. (*See Plaintiff's Opposition to Motion to Strike* [Doc.No. 22].) According to Plaintiff, Defendant kept no copies of the 117,000 debt collection letters it sent to California debtors, so in order to prove numerous defective letters went out, Plaintiff has to depose the people who printed those letters and determine the procedures they followed. Plaintiff claims this discovery has not yet been taken because "Defendant has fought Plaintiff's attempts at such discovery every step of the way." (*Id*. at 6.) If that is the case, the Court was not apprised of those discovery difficulties.

In the Court's view, both parties have been dilatory or uncooperative in conducting discovery. The Court's Scheduling Order [Doc. No.10] was filed on April 17, 2006. Plaintiff has had ample time

1 since that order went into effect to either conduct the depositions now noticed for November in
2 Philadelphia, or to notify the Court that he needed assistance in getting those depositions taken.  (*Id.* at
3 6.)  If Defendant has in fact attempted to thwart Plaintiff's class certification discovery at "every step of
4 the way," then certainly it ought not be rewarded for such conduct with a discovery stay.  Notably, in
5 their briefs requesting and opposing a discovery stay in this case, both parties have conveniently ignored
6 this Court's Scheduling Order which sets a **discovery deadline of November 14, 2006** and a **pre-trial**
7 **motion filing deadline of December 15, 2006**.

8       A discovery stay is not practical, efficient, or justified in this case based on the parties'
9 submissions to the Court.  Therefore, the Court **DENIES** Defendant's request for a stay.  However,
10 given present circumstances, all remaining scheduling order deadlines shall be extended for a period of
11 90 days in order to allow completion of discovery and filing of Plaintiff's motion for class certification.

12 <u>**CONCLUSION**</u>

13       Based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

14       1.      Defendant's Motion to Stay Discovery is **DENIED**;

15       2.      All remaining deadlines in the Court's April 17, 2006 Scheduling Order [Doc. No. 10]
16             are **EXTENDED** by ninety days.  An Amended Scheduling Order shall be issued
17             concurrently with this order.

18       **IT IS SO ORDERED**.

19 DATED: November 14, 2006

20
21                                     Hon. Nita L. Stormes
                                    U.S. Magistrate Judge